## HAMPTON, Admr, Etc, v REPLOGLE

Ohio Appeals, 1st Dist, Hamilton Co

No 4403.   Decided Dec 11, 1933

Mr. E. J. Corcoran, Cincnnati, and Mr. John Thorndyke, Cincinnati, for plaintiff in error.
Harmon, Colston, Goldsmith & Hoadly, Cincinnati, for defendant in error.

## OPINION

By ROSS, J.

This is a proceeding in error from the Court of Common Pleas of Hamilton County, wherein judgment was rendered in favor of the plaintiff.

The defendant in error brought suit against the plaintiff in error for services rendered his decedent. The record is replete with evidence that such services were rendered and not paid for. The verdict of the jury was amply sustained by the evidence.

A number of assignments of error are advanced, none of which we find to contain matter justifying a conclusion that error has intervened to the prejudice of the plaintiff in error.

The only error we consider requiring comment is that involving the failure of the defendant in error to allege and prove that the claim for services was presented to the administrator and refused by him before suit.

The statutes in force at the time involved provide certain penalties if a claim be not filed with the Administrator within a certain period. The instant suit was filed within the shortest period provided— in fact within less than a month after appointment of the administrator. The administrator could have undoubtedly interposed a complete defense to the action by demurrer or answer setting up the defect. Instead he elected first, to answer with a general denial, and later in an amended answer in which he set up the statute of limitations, filed months after the four months period.

It is difficult to see how the administrator is prejudiced by the failure to formally file the claim with him, in view of the fact that his defense was a denial of any obligation on the part of the estate to pay, or that services were rendered. Proper payments out of the estate would have protected the administrator against the claim of the plaintiff. Her suit was certainly notice of the claim of plaintiff. If the administrator intended to pay the claim, naturally such a fact if alleged and proved would require a dismissal of plaintiff's action, at her costs.

How then is there any error in the proceeding below, prejudicial to the administrator, requiring the reversal of a judgment which is obviously otherwise just? We can find no warrant for a reversal upon such grounds. By not filing the claim, the plaintiff jeopardized her rights to collect in the event of distribution of the estate. No claim was seasonably made that the action was prematurely brought. The administrator had ample and timely notice within the limitation provided by the statute by the summons in the suit. Wherein has he suffered any grievance?

If the administrator intends to rely upon the failure to comply with a procedural requirement, he must in justice do so before the time for complying with the statute has passed. The filing of a defense upon the merits must be taken as a waiver of merely procedural requirements. **Babcock v Seitz, Exr, 122 Oh St 453. Pepper v Sidwell, Administrator, 36 Oh St 454.**

The judgment is affirmed.

HAMILTON, PJ, and CUSHING, J.