For full opinion see 2 OO 185; 49 Oh Ap 16.

## BUEHNER, Admrx v KNIPPER

Ohio Appeals, 2nd Dist, Montgomery Co

No 1278.   Decided Jan 31, 1935

Miller & Cross, Dayton, for plaintiff in error.
McConnaughey, Demann & McConnaughey, Dayton, and Earl C. Null, Miamisburg, for defendant in error.

## OPINION

By HORNBECK, PJ.
There are upwards of a dozen claimed errors set forth in the petition but the

brief of plaintiff treats only of these propositions, namely, that the court erred in refusing to direct a verdict for her below because the proof did not disclose that the administratrix in person had rejected the claim of plaintiff; that the court erred in admitting the testimony of one Robert Zehring who, at the time that plaintiff presented her claim, was acting as attorney for the administratrix because such evidence related to a communication between an attorney and client and was therefore privileged.

The defendant in her brief claims that, inasmuch as the answer of the defendant did not affirmatively challenge the averment of the petition that the claim of plaintiff had been duly presented to the administratrix within four months after her appointment and rejected, that it was waived and was not an issue upon the state of the pleadings.

Upon the first proposition we hold that the facts in this case bring it under the law as announced in **Miller v Ewing, 68 Oh St, 176** and particularly the third proposition of the syllabus:

"Such rejection of a claim against an estate presented to the administratrix may be made by an attorney for the estate thereunto duly authorized, acting ostensibly and in fact for the administrator."

The record discloses that the administratrix was advised of the existence of the claim of the plaintiff and that the administratrix understood that plaintiff would file such a claim and further that the administratrix would not consider the claim unless and until it was itemized. She admits that she discussed the matter with Mr. Zehring, who was her attorney and it appears that thereafter he wrote to the attorney of plaintiff the following letter:

"September 27, 1932. Mr. Earl C. Null, Miamisburg, Ohio.

Friend Earl: The claim of Mary Knipper against the estate of Ellen Imboden, in the sum of $1000.00, filed with me September 6, 1932, is hereby rejected. Yours Truly, Robert H. Zehring, attorney for the estate of Ellen Imboden."

The record in our judgment, clearly discloses that Mr. Zehring was an attorney for the estate, thereunto duly authorized, acting ostensibly and in fact for the administratrix. It is not necessary to quote the

record at length. Suffice to say that we have given careful consideration to its import.

Independent of the specific action of the attorney duly authorized in the premises, we are satisfied that the record would justify the conclusion that the claim as presented to the administratrix was by her disputed or rejected.

In Miller v Ewing, supra, in discussing the effect of the statute which provided that:

"A claim shall be deemed disputed or rejected, if the executor or administrator shall, on presentation of the vouchers thereof, refuse, on demand made for that purpose, to indorse thereon his allowance of the same as a valid claim against the estate,"

it is said that this proposition is effectually disposed of in **Harter v Taggart, 14 Oh St 122**, where it is held that:

"The clause 'disputed or rejected' is not restrictive but in aid of the first, and creates a constructive refusal, for the benefit of the creditor when the executor, upon such presentation, waives or evades definite action thereon."

The attitude of the administratrix, as appears from her own testimony, was to evade any definite action upon the claim and the action of her attorney was to make specific rejection of the claim.

In view of our position, upon the merits of the case, it would not be necessary for us to consider the claim that upon the state of the pleadings the administratrix had waived proof of the presentation and rejection of the claim. However, in our judgment, though the claimant may not have been required in the first instance to allege the presentation to and rejection of her claim by the administratrix (**Pepper v Sidwell, Admr., 36 Oh St, 454**) having done so a general denial would be sufficient to put the plaintiff upon proof of her averment.

We have examined the cases cited by counsel for both parties and believe that our holding is not inconsistent therewith.

The cases cited are: **Pepper v Sidwell, Admr., 36 Oh St, 454; Hampton, Admr. v Replogle, 47 Oh Ap 394, (16 Abs 423); Daykin, Admr v Emery, 10 O.C.C., 652.** Bates Pleading and Practice, page 1645.

Finally, it is urged that the testimony of the attorney for the administratrix was not

competent because a privileged communication between attorney and client. The communication does not come within the letter nor the spirit of the' statute, §11494 GC. Obviously, if the attorney was authorized to reject the claim it was in contemplation of counsel and client that the action of rejection be made known to another. Inasmuch as the administratrix must, by the nature of the transaction, have known this she could not urge that any conversation incident to the authorization of her attorney to reject the claim would be privileged. The relationship of attorney and client as pertains to any communications appearing from the facts in this case, is counter to the theory of protection because of a confidential or privileged relationship.

We are satisfied that no error intervened in the trial of this cause, nor in the entering of judgment in the trial court to the prejudice of the defendant.

The judgment will, therefore, be affirmed.

KUNKLE and BARNES, JJ, concur.